THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Brenda Thigpen, Appellant/Respondent,
 
 
 

v.

 
 
 
 Lexington
 Medical Center and Companion Third Party Administrators, Respondents/Appellants.
 
 
 

Appeal from the Appellate Panel
South Carolina Workers' Compensation Commission

Unpublished Opinion No. 2012-UP-196
 Heard January 26, 2012  Filed March 21,
2012    

AFFIRMED

 
 
 
 Robert Norris Hill, of Newberry, and Thomas
 Pinckney Bellinger, of Lexington, for Appellant-Respondent.
 Grady L. Beard and Nicolas L. Haigler, both
 of Columbia, for Respondents-Appellants.
 
 
 

PER CURIAM:  In
 this Workers' Compensation case, Brenda
 Thigpen appeals from an order of the Appellate Panel of the South Carolina
 Workers' Compensation Commission (Commission) reversing the single commissioner's
 finding that Thigpen's claim for bi-lateral carpal tunnel syndrome was compensable
 as a work-related repetitive trauma injury (RTI).  Lexington Medical Center
 (Employer) and Companion Third Party Administrators (Carrier) appeal the
 Commission's affirmance of the single commissioner's finding that Thigpen gave
 timely notice, pursuant to S.C. Code Ann. § 42-15-20.  We affirm the
 Commission's order in its entirety.
FACTS
Thigpen works as
 a housekeeper at Lexington Medical Center where she is responsible for the
 daily cleaning of eighteen patient rooms and public areas.  Her work activities include mopping, scrubbing,
 changing bed linens, vacuuming, moving furniture, and bagging trash.  Thigpen
 began experiencing "numbness, sleepiness, [and] pain in the tip of [her]
 finger" while working on April 30, 2008.  She notified her supervisor of
 these symptoms and, two months later, she saw her family physician, Dr. William
 Korman, for concerns regarding hypertension and hand pain.  Dr. Korman
 suspected carpal tunnel syndrome was causing Thigpen's hand pain, and he
 referred Thigpen to Dr. Daniel Westerkam for nerve conduction studies.
On July 9, 2008,
 Dr. Westerkam performed nerve conduction studies; thereafter, he informed
 Thigpen that she had "moderate" carpal tunnel syndrome on the right
 side and "mild" carpal tunnel syndrome on the left side.  On July 31,
 2008, Thigpen filed an accident report with Employer stating she had developed
 carpal tunnel symptoms in both wrists and her symptoms had started two months
 earlier.  On September 24, 2008, Thigpen filed a Form 50 alleging she had
 developed bilateral carpal tunnel syndrome as a result of work-related RTI to
 her wrists.  
After Thigpen's
 symptoms worsened, Dr. Korman referred her to orthopedic surgeon Michael
 Ugino.  On October 14, 2008, Dr. Ugino performed a right carpal tunnel
 release.  On October 31, 2008, Employer filed a Form 51 contending: (1) Thigpen
 had failed to give timely notice of her alleged RTI; and (2) Thigpen's carpal
 tunnel syndrome was the result of a pre-existing disability that was unrelated
 to her work activities.  On January 5, 2009, Dr. Ugino released Thigpen to
 return to regular-duty work.  
LAW/ANALYSIS
1.     Notice of
 Repetitive Trauma Injury
On appeal,
 Employer contends the Commission erred in finding Thigpen had given timely
 notice, pursuant to section 42-15-20, which states:  

 In the
 case of repetitive trauma, notice must be given by the employee within ninety
 days of the date the employee discovered, or could have discovered by
 exercising reasonable diligence, that his condition is compensable, unless
 reasonable excuse is made to the satisfaction of the commission for not giving
 timely notice, and the commission is satisfied that the employer has not been
 unduly prejudiced thereby.  

S.C. Code Ann. § 42-15-20(C)
 (Supp. 2011); see also King v. International Knife and Saw-Florence,
 395 S.C. 437, 444, 718 S.E.2d 227, 231 (Ct. App. 2011) ("[A] work-related [RTI]
 does not become compensable, and the ninety-day reporting clock does not start,
 until the injured employee discovers or should discover he qualifies to receive
 benefits for medical care, treatment, or disability due to his condition.").  
We agree with the
 Commission's finding that "notice
 began to run at the earliest when [Thigpen] went to the doctor on June 27,
 2008."  Because Thigpen provided notice on July 31, 2008 by filing an
 accident report, we affirm the Commission's determination that notice was
 timely.
2.     Compensability
 of Repetitive Trauma Injury
Thigpen contends
 the Commission erred in determining her claim for RTI is not compensable
 because no causal connection exists between her work activities and the
 development of her carpal tunnel syndrome.
Compensability
 of RTI is determined pursuant to section 42-1-172:  

 (A) "Repetitive
 trauma injury" means an injury which is gradual in onset and caused by the
 cumulative effects of repetitive traumatic events.  Compensability of a repetitive
 trauma injury must be determined only under the provisions of this statute.
 (B) An
 injury is not considered a compensable repetitive trauma injury unless a
 commissioner makes a specific finding of fact by a preponderance of the
 evidence of a causal connection that is established by medical evidence
 between the repetitive activities that occurred while the employee was engaged
 in the regular duties of his employment and the injury.
 (C) As
 used in this section, "medical evidence" means expert opinion or
 testimony stated to a reasonable degree of medical certainty, documents,
 records, or other material that is offered by a licensed and qualified medical
 physician.
 (D) A repetitive
 trauma injury is considered to arise out of employment only if it is
 established by medical evidence that there is a direct causal relationship
 between the condition under which the work is performed and the injury.

S.C.
 Code Ann. § 42-1-172(A)-(D) (Supp. 2011) (emphases added).  
Both Dr. Korman and Dr. Ugino
 distinguished "causation" of Thigpen's carpal tunnel syndrome from
 the potential "aggravation" of an underlying condition.  Dr. Korman,
 who stated he was not an expert on carpal tunnel syndrome, testified that
 Thigpen's job duties could "potentially exacerbate" her carpal tunnel
 syndrome.  Dr. Ugino, the orthopedic surgeon who performed Thigpen's surgery,
 testified that he had not given any opinion on the causation of Thigpen's
 carpal tunnel syndrome, he could not say what caused it, and he could not state
 how long the condition had been present.  Dr. Ugino stated: "[I'm] not
 certain as to the causation of her carpal tunnel syndrome, but her job
 activities, if she does a lot of repetitive flexion, extension activities most
 probably can aggravate any preexisting problems."  
We affirm the
 Commission's determination that Thigpen failed to demonstrate, by medical
 evidence, the existence of a direct causal connection between the repetitive
 activities of her work and her carpal tunnel syndrome.  
CONCLUSION
For the foregoing
 reasons, the Commission's order is
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.